IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHURCH OF THE UNIVERSAL ) <br> BROTHERHOOD, CONFLUENT ) <br> BRANCH NO. 33478, et al, ) <br>                       ) <br>            Plaintiff, ) <br>        v. ) <br>                       ) <br> FARMINGTON TOWNSHIP ) <br> SUPERVISORS, et al. ) <br>                       ) <br>            Defendants. ) | C.A. No. 06-67 Erie <br> District Judge McLaughlin <br> Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      REPORT**

It is respectfully recommended that the motion to dismiss filed by Defendant Judge Millin [Document # 19] be granted.

**II.     RECOMMENDATION**

On March 17, 2006, Plaintiffs, Church of the Universal Brotherhood, Bruce Niles and Patricia Niles filed the instant action. Named as one of the Defendants in this action is the Honorable Paul H. Millin, Senior Judge of the Warren County Court of Common Pleas.

Although it is not entirely clear, Plaintiffs appear to allege that the Defendants took their land in an eminent domain proceeding in the Warren County Court of Common Pleas. The interest in land allegedly taken by Defendants was a right of way for "construction, reconstruction, renewal, repair, replacement, relocation, renovation and maintenance of sanitary sewer lines upon" the property. Plaintiffs allege that during this construction, Defendants damaged the land by placing a sewer line underground across the front of the property and above the property. Plaintiffs claim that they were not awarded just compensation for the taking of the

land, that their quiet enjoyment of the land has been disturbed and that they have suffered emotional distress.

     **B.**    **The Standard of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). Under this "notice pleading," the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

     **C.**    **Judicial Immunity**

Defendant Millin moves to dismiss the complaint against him as he is entitled to absolute immunity.

Judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978); Piskanin v. Hammer, 2005 WL 613644 (E.D.Pa.,2005) (applying judicial immunity to "district justice").  Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356. Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12.  In this case, there is no allegation by Plaintiffs that challenged actions of Defendant Millin were taken either outside of his judicial capacity or were not within his respective jurisdiction.  Accordingly, the motion to dismiss should be granted.

### III.   CONCLUSION

For the foregoing reasons, it is recommended that the motion to dismiss filed by Defendant Judge Millin [Document # 19] be granted.  Defendant Millin should be dismissed from this action.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated:  November 21, 2006