IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHURCH OF THE UNIVERSAL ) <br> BROTHERHOOD, CONFLUENT ) <br> BRANCH NO. 33478, et al, ) <br>                                ) <br>             Plaintiff, ) <br>                                ) <br>     v.                    ) <br>                                ) <br> FARMINGTON TOWNSHIP ) <br> SUPERVISORS, et al.   ) <br>                                ) <br>          Defendants. ) | C.A. No. 06-67 Erie <br> District Judge McLaughlin <br> Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant Kopko [Document # 32] be granted and that the motion to dismiss filed by the Township Defendants [Document # 35] be granted.  The Clerk of Courts should be directed to close this case.

**II.     REPORT**

  **A.     Procedural History**

On March 17, 2006, Plaintiffs, Church of the Universal Brotherhood, Bruce Niles and Patricia Niles filed the instant action.  Plaintiffs are represented by counsel.  Named as Defendants are: Farmington Township Supervisors; June Jones, the Farmington Township Secretary; Township Supervisors Edward Braley, Conrad Hultman, and Marvin Bergstrom; James Penley; Township Employees Gerry Bloomgren and David Enos; Sewage Enforcement Officers Todd Fantaskey, Jad Birt, and L.R. Auchmoody; Larry Kopko[1], Sheriff of Warren

---

[1] Larry Kopko is represented by counsel separately and all other Defendants (herein referred to collectively as "Township Defendants") are represented jointly.

County; and, Northwest Engineering Inc and its employees Harold Bloomgren and Rusty VanEpps.[2][3]

In their rudimentary complaint, Plaintiffs set forth the following bases for relief, verbatim:

| | | |
|---|---|---|
| A. | | Violation of Civil Rights |
| B. | | No due process |
| C. | | Emotional Distress |
| D. | | Damages to Real Estate |
| E. | | Damages to Personal Property |
| F. | | Aggravated Trespass |
| G. | | Abusive exercise of Unwarranted Police Power |
| H. | | Abuse of Process through the Sheriff's Department |
| I. | | State Infringement on Religious Institutions and Activities |
| J. | | Land Patent Infringement |
| K. | | No Trial by Jury |
| L. | | Unreasonable Search and Seizure |
| M. | | No Redress of Grievances |
| N. | | Prohibition of Free Exercise of Religion |
| O. | | Involuntary Servitude |
| P. | | Violation of Inalienable Rights |

Document # 1, page 5. Plaintiffs seem to allege that the Defendants conspired to take land owned by the Church in an eminent domain proceeding in the Warren County Court of Common

---

[2] The Honorable Judge Paul Millin of the Warren County Court of Common Pleas has previously been dismissed from this case. See Documents # 27 and # 34.

[3] It appears at this relatively early stage of the proceedings that at least some of these individual named Defendants may not be state actors.

Pleas.  Plaintiffs Bruce and Patricia Niles do not allege that they are the owners of the property.[4] The interest in land allegedly taken by Defendants was a right of way for "construction, reconstruction, renewal, repair, replacement, relocation, renovation and maintenance of sanitary sewer lines upon" the property.  Plaintiffs allege that during this construction, Defendants damaged the land by placing a sewer line underground across the front of the property and above the property.  Plaintiffs claim that they were not awarded just compensation for the taking of the land, that their quiet enjoyment of the land has been disturbed and that they have suffered emotional distress.  Document # 1.

All Defendants move to dismiss the complaint based upon the lack of standing of Plaintiffs Patricia and Bruce Niles and lack of subject matter jurisdiction under *Rooker-Feldman* doctrine.  Documents # 30 and 36.  In opposition to the pending motions to dismiss, Plaintiff has filed a bare one-paragraph brief.  Document # 37.  The issues are ripe for disposition by this Court.

### B. The Standards of Review
#### 1. Motion to dismiss pursuant to Rule 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for

---

[4] The relationship between Bruce and Patricia Niles and the Church has not been sufficiently pled in the complaint in order to demonstrate that these two individuals have standing to assert a claim involving property owned by the Church.  Generally, a litigant must assert only her own legal rights and interests, and she may not rest a claim for relief on the legal rights of third parties. Powers v. Ohio, 499 U.S. 400 (1991).  However, the Supreme Court has "recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests." Id. at 410-411.  See also Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 189 n.4 (3d Cir. 2006); Breyer v. Meissner, 214 F.3d 416, 423 (3d Cir. 2000) (summarizing that "[O]ne who wishes to assert a third party's rights must demonstrate "injury in fact," a close relationship to the third party, and a hindrance to the third party asserting its own rights.").

3

lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977).  However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891.  See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000);  Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

In Mortensen, the Third Circuit delineated the standard of review to be used in a 12(b)(1) motion, as opposed to a motion under 12(b)(6), stating:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects.  Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. . . .
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different.  At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56 . Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

549 F.2d 884, 891.  Accordingly, no presumptive truthfulness attaches to Plaintiff's allegations regarding subject matter jurisdiction.

**2.   Motion to dismiss pursuant to Rule 12(b)(6)**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a

claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### C.    The *Rooker Feldman* Doctrine

Defendants move to dismiss this action pursuant to the *Rooker-Feldman* doctrine.

The United States Supreme Court has recently summarized the *Rooker-Feldman* doctrine:

5

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. et al. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).  See also Lance v. Dennis, 546 U.S. 459 (2006); Rooker v. Fidelity Trust, 263 U.S. 413, 416 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  "Only the United States Supreme Court may conduct federal review of state court proceedings."  Loriz v. Connaughton, 2007 WL 1376284, at *4 (6th Cir. May 11, 2007) citing 28 U.S.C. § 1257; Patmon v. Michigan Supreme Court, 224 F.3d 504, 506 (6th Cir. 2000).

The Exxon Mobil holding is consistent with prior decisions of the Third Circuit Court of Appeals as set forth in Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321 (3d Cir. 2000), cert. denied, 535 U.S. 1055 (2002):

> This court has described the *Rooker-Feldman* doctrine as precluding lower federal court jurisdiction over claims that were actually litigated or "inextricably intertwined" with adjudication by a state's courts . . .. Further, we have explained that a federal action is inextricably intertwined with a state adjudication, and thus barred in federal court under *Feldman*, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong."

225 F.3d at 325 (citations omitted); see also ITT Corp. et al v. Intelnet Int'l Corp. et al, 366 F.3d 205 (3d Cir.2004).  "A case is inextricably intertwined if the state court judgment *caused,* actually or proximately, the *injury* for which the federal-court plaintiff seeks *redress*."  Tal, Inc. v. Hogan, 453 F.3d 1244, 1256 (10th Cir. 2006) (emphasis in original).

In this case, the condemnation action was initiated in state court and it was litigated by the Church through the state court system by way of an appeal to the Commonwealth Court and a petition for allowance of appeal to the Pennsylvania Supreme Court.  Thus, application of *Rooker-Feldman* in this instance is straightforward, as that doctrine does not "permit a disappointed state court [litigant] to seek review of a state court decision in the federal court by masquerading his complaint in the form of a federal civil rights action." Logan v. Lillie, 965 F.Supp. 695, 698 (E.D.Pa.1997).  "If it were otherwise, any person dissatisfied with a state ... award could seek review in the district court under the guise of a federal civil rights violation."

Id.  Here, if Plaintiffs were to prevail in this action, this Court would necessarily be finding that the state court was wrong in its condemnation proceeding thereby "render[ing] [the state court] judgment ineffectual." FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834 (3d Cir.1996).

Plaintiffs' claims implicate the validity of, and are inextricably intertwined with, the state court rulings made in the course of the condemnation proceedings.  Thus, this Court lacks subject matter jurisdiction to adjudicate Plaintiffs' claims and therefore, Defendants' motions to dismiss should be granted.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendant Kopko [Document # 32] be granted and that the motion to dismiss filed by the Township Defendants [Document # 35] be granted.  The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

                                                                        S/ Susan Paradise Baxter
                                                                        SUSAN PARADISE BAXTER
                                                                        Chief United States Magistrate Judge

Dated:  August 29, 2007